**Wade CHEESMAN, Appellant,**

v.

**TIDEWATER MILL & ELEVATOR CO.,**
Appellee.

No. 13884.

United States Court of Appeals
Third Circuit.

Argued April 27, 1962.

Decided May 10, 1962.

Morton Rosen, Philadelphia, Pa. (Milton M. Borowsky, Freedman, Landy & Lorry, Philadelphia, Pa., on the brief), for appellant.

Louis J. Goffman, Philadelphia, Pa., for appellee.

Before HASTIE, FORMAN and SMITH, Circuit Judges.

PER CURIAM.

This is an appeal from a final order entered in conformity with Rule 54(b), Federal Rules of Civil Procedure, 28 U.S.C., granting summary judgment dismissing the action against Tidewater Mill & Elevator Co., one of several persons whom appellant joined as defendants in this personal injury case. The court below rightly concluded that the claim stated against this defendant was based solely upon its alleged ownership of certain real property, and that on motion for summary judgment it was clearly established that this party had not at any time owned the premises in question. Moreover, appellant's assertion in this court that appellee is estopped to deny ownership of the property fails because appellant has neither pleaded nor asserted in an affidavit that he in fact relied to his detriment upon any representation that appellee owned the premises.

The judgment will be affirmed.

**Alvin H. FRANKEL, Guardian of the Estate of Miguel Quinones,**
Appellant,

v.

**John D. BRISTOL.**

No. 13926.

United States Court of Appeals
Third Circuit.

Argued May 17, 1962.

Decided May 23, 1962.

William J. Toy, Philadelphia, Pa., for appellant.

Henry T. Reath, Philadelphia, Pa. (William C. Smith, Philadelphia, Pa., on the brief), for appellee John D. Bristol.

Before KALODNER, HASTIE and SMITH, Circuit Judges.

PER CURIAM.

Upon review of the record we find no error. The judgment of the District Court dated March 14, 1961 in accordance with the verdict of the jury in favor of the defendant, John D. Bristol and against the plaintiff Alvin H. Frankel, Guardian of the Estate of Miguel Quinones and the further order of the District Court dated October 24, 1961 denying the aforesaid plaintiff's motion to set aside the verdict of the jury and the judgment entered pursuant thereto and to enter judgment for the plaintiff as to liability, or in the alternative for a new trial, will be affirmed.